# LIVINGSTON *v.* THOMPSON.

INTERFERENCE; BURDEN OF PROOF.

The junior applicant in an interference is required to establish his case
    by a preponderance of the evidence, and when he appeals to this
    court with three concurrent decisions of the Patent Office tribunals
    against him, there is imposed upon him a still greater burden of
    proof. (Citing *Swihart* v. *Mauldin*, 19 App. D. C. 570.)

No. 1043. Patent Appeals. Submitted November 14, 1916. Decided
December 4, 1916.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. A. D. Kenyon* and *Mr. E. F. Baumgartner* for appellant.

*Mr. Nathan Heard* and *Mr. F. A. Tennant* for appellee.

Mr. Justice SIDDONS, of the Supreme Court of the District
of Columbia, who sat with the Court in the hearing and deter-
mination of the appeal in the place of Mr. Chief Justice SHEP-
ARD, delivered the opinion of the Court:

This is an appeal from a decision of the Assistant Commis-
sioner of Patents, affirming a decision of the Examiners in
Chief of the Patent Office, affirming a decision of the Exam-
iner of Interferences, awarding priority of invention to the
appellee of the device which is the subject-matter of the con-
troversy. The decision appealed from was made in an interfer-
ence proceeding, in which the appellant, William Livingston,
is the junior party, and the appellee, Arthur G. Thompson, the
senior.

The invention is described in the declaration of interferences as follows: "Count 1: In a pin ticket having a plurality of round-pointed double-shank pins formed of a single piece of wire, the wire between said pins engaging with the ticket to form a support therefor, the shank of said pins passing through the ticket and the free ends of the wire being bent to engage with both surfaces of the ticket to hold the pins in engagement therewith.

"Count 2: In a pin ticket having a plurality of round-pointed double-shank pins formed of a single piece of wire, the wire between said pins being bent so as to engage with the upper and under sides of the ticket, the shanks of said pins passing through the ticket and the free ends of said wire engaging with both sides of the ticket to hold the pins in connection therewith."

The appellee's application for letters patent on the invention claimed by him was filed on April 7, 1913, and that of the appellant on July 29, 1913. The invention, no matter by whom made, is conceded to be a development of the device covered by letters patent issued to one J. Beyer, Jr., under date of April 16, 1912.

The controversy presented by the record turns upon the question, Who first invented the improvement to the Beyer device. The appellant claims as the date of his conception of the invention October 5, 1912, and the date of his reduction thereof to practice as of December 21, 1912. The appellee claims the summer of 1912 as the date of his conception of the invention, and that he made samples of the invention in August, 1912, and exhibited them to the head machinist of the Kimball Company, with which he was connected, during the latter part of that month, or early in September, with instructions to design attachments which could be incorporated in the machines used by the Kimball Company in order to produce the pin ticket in question.

It is a pure question of fact between the contending parties as to which of them first invented the device. The Examiner of Interferences, after a full consideration of the evidence, awarded priority of invention to the appellee. Upon appeal

from that decision to the Examiners in Chief, the decision was affirmed, and this last decision again affirmed on appeal by the Assistant Commissioner of Patents, from whose decision this appeal was taken. The situation in which the appellant finds himself is similar to that of the appellant in the case of *Swihart* v. *Mauldin,* 19 App. D. C. 570, 573, where Mr. Justice Morris, speaking for the court, uses this language with respect to the appellant in that case: "The appellant comes here, not only as the junior applicant required to establish his case by a preponderance of evidence, but also with three concurrent decisions of the tribunals of the Patent Office against him, a fact which imposes upon him a still greater burden of proof in this court, as we have repeatedly held."

A careful examination of the testimony in the case makes it clear that the appellant has not met the burden of proof upon him, nor established his case by the preponderance of evidence required, while, on the other hand, the evidence entirely satisfies us that the appellee made the invention and reduced it to practice some weeks before the appellant claims to have done so.

No useful purpose will be served by a review or analysis of the testimony, and we therefore refrain from doing so.

The decision of the Assistant Commissioner of Patents is affirmed with costs.       *Affirmed.*